CATHARINE A. BOYLE, Appellant, *v.* THE CITY OF BROOK-
LYN, Respondent.

Where a complaint, in an action to vacate an assessment as a cloud upon
title, alleges two grounds upon which relief is claimed, one of which is
good and sufficient, the complaint is not demurrable because of the
insufficiency of the other; the allegations as to the latter will not vitiate
or detract from the effect of the allegations as to the former.

In an action to set aside an assessment upon plaintiff's premises for
repaving Atlantic avenue, in the city of Brooklyn, the complaint alleged,
in substance, that the proceedings under and in pursuance of which the
assessment was imposed appeared, upon their face, regular and in accord-
ance with the statute, and the assessment appeared to be a valid and
subsisting lien upon plaintiff's premises, but that the petition upon
which the proceedings were based was not in fact signed by a majority of
the owners of the land fronting on said avenue, as required by the statutes
under which said proceedings were instituted (chap. 652, Laws of 1870;
chap. 387, Laws of 1874); that said petition was fraudulently made
up, and had appended thereto a large number of names of persons who did
not sign the same, but whose signatures were taken from another petition;
also, that the whole of the southerly part of said avenue was owned by
individuals, and had never been taken for a public highway, and the
persons who signed as owners fronting on said avenue on the south
were not owners on the avenue, and that, without such signatures, a
majority of the owners did not have their names appended to the petition
*Held*, that the allegations of the complaint were sufficient to entitle
plaintiff to the relief sought, and that a demurrer thereto was properly
overruled; that the fact alleged as to a fraudulent addition of names

to the petition would not necessarily appear in the proofs of a party claiming under the assessment, but in defending against such claim, plaintiff would be obliged to produce evidence establishing it, and that this was sufficient to sustain the complaint, although the invalidity of the assessment, arising from the other fact alleged — *i. e.*, that a portion of the signers were not owners — would necessarily appear in proceedings to enforce the lien of the assessment; also that the alleged want of title in the signers would not necessarily appear; that it would only be necessary for one claiming under the assessment to prove that the petition was signed by a majority of the owners of the lands fronting on the avenue as it was actually opened, paved and used, not that the land included in it had been legally taken; and if not so taken, it would be incumbent upon plaintiff to prove it.

Also, *held*, that the allegations in the complaint as to ownership of a portion of the avenue in third persons, and that it never had been legally taken, were sufficient; but if insufficient, then that the complaint disclosed no defect, except the latent one arising from the fraudulent addition of names to the petition, and so there was no ground for demurrer.

*Boyle* v. *City of Brooklyn* (8 Hun, 32) reversed.

(Argued September 18, 1877; decided October 2, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order reversing an order of Special Term which overruled a demurrer to the complaint herein; and sustaining the demurrer and dismissing the complaint. (Reported below, 8 Hun, 32.)

This action was brought to have an assessment upon plaintiff's premises vacated and to restrain its collection. The complaint alleged, in substance, that plaintiff was the owner of certain premises in the city of Brooklyn. That in July, 1870, a petition was presented to the board of water and sewerage commissioners of said city purporting to be the petition of owners of land fronting on Atlantic avenue, in said city, between Flatbush avenue and Classon avenue, asking to have such portion of the avenue repaved, provided one-half the cost should be assessed upon the city at large. The said board decided to repave the same, adopted a district of assessment, contracted for the work and fixed the amount of the cost, and resolved that one-half the costs should be assessed upon the lands within the district of assessment;

that the same was assessed accordingly, the assessment confirmed and sent to the city collector for collection, and that said premises of plaintiff were so assessed. The complaint then contained the following allegations:

"And this plaintiff is informed and believes that upon the proceedings in this matter, which appear regular and correct, and according to the statute in such case made and provided, the said last-mentioned assessment appears to be regular, and a lien upon the first above-mentioned premises of this plaintiff, and the same appears upon the face of said proceedings to be a valid and subsisting claim upon said land and a cloud upon the title of this plaintiff in and to the premises owned by her, as aforesaid, whereas, in fact, this plaintiff charges the truth to be that the petition herein set forth and presented to the board of water and sewerage commissioners of the city of Brooklyn was not made or signed by a majority of the owners of property on said Atlantic avenue fronting thereon, between Flatbush avenue and Classon avenue, but the said petition was fraudulently made up, and had appended thereto the names of a large number of persons who did not sign the same, but whose signatures were taken from a petition for paving Atlantic avenue; and that the said petition presented to the board of water and sewerage commissioners was, in fact and intent, a fraud upon the property owners and the parties interested.

"And the plaintiff further states to this court that of the so-called Atlantic avenue, between Flatbush avenue and Classon avenue, the whole of the southerly part thereof, that is to say, north of the plaintiff's premises, and fifty feet north thereof, is owned by certain individuals in fee, and is not and never has been legally taken as and for a public highway, street or avenue; and the persons who signed the petition for repaving as aforesaid, as owners fronting thereon, were not owners, and had no right to be included or considered as entitled to sign said petition.

"And without their names or signatures, a majority of

said owners did not even have their names appended to said petition.

"And this plaintiff charges that, by reason of the premises herein last set forth, and which do not appear on the proceedings, in laying the assessment for repaving Atlantic avenue, this plaintiff has been assessed illegally for repaving a strip of property fifty feet wide on the north side of her property, and which is not a part of Atlantic avenue, nor a public street.   *   *   *   This plaintiff states that such assessment on her premises for Atlantic avenue repaving, as aforesaid, is unjust and illegal; and that because of the matters herein stated and set forth, do not appear in the proceedings in relation thereto, but are outside the same, this plaintiff is remediless, except by this action, wherein she can show the facts and matters herein set forth."

Defendant demurred, upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Philip S. Crooke*, for appellant. Plaintiff was entitled to bring this action. (*Marsh* v. *City of B'klyn*, 59 N. Y., 280.) The city had no right to pave the strip of fifty feet on the south side of Atlanaic avenue, or assess the plaintiff therefor. (Laws 1862, p. 204, § 41.)

*William C. De Witt*, for respondent. The assessment proceedings having been invalid, this action could not be maintained. (*Marsh* v. *City of B'klyn*, 59 N. Y., 280; *In re Sharp*, 56 id., 257; *Rathbone* v. *Hoovey*, 58 id., 463; *Guest* v. *City of B'klyn*, 69 id.; *Sharp* v. *Speir*, 4 Hill, 76; *Litchfield* v. *Vernon*, 41 N. Y., 123; *Crooke* v. *Andrews*, 40 id., 547; *Newell* v. *Wheeler*, 48 id., 406.) The effect of chapter 387, Laws of 1874, was to sanction what had been done by the city, on the faith of the petition and in disregard of technical errors not objected to. (*Howell* v. *City of Buffalo*, 37 N. Y., 267; *In re Van Antwerp*, 56 id., 261.)

RAPALLO, J. It is conceded that a petition signed by a majority of the owners of the land fronting on Atlantic

avenue, between Flatbush and Classon avenues, for the pavement in question, was essential to the validity of the assessment. The allegation in the complaint of the want of such a petition, consequently showed that the assessment was illegal, unless the act of 1874 had the effect of validating it. That act, however, could have no such effect, inasmuch as it prohibits the laying or collecting any assessment for repaving, except for the work petitioned for by a majority of the owners of property fronting on the avenue.

The complaint alleges that the proceedings for the repaving appear to be regular and correct, and according to the statute, and the assessment appears to be regular, and appears on the face of the proceedings to be a valid lien upon the land of the plaintiff, and a cloud upon her title thereto; but that the petition (which is set forth in the complaint) was not, in fact, made or signed by a majority of the owners of property fronting on Atlantic avenue, but was fraudulently made up, and had appended thereto the names of a large number of persons who did not sign the same, but whose signatures were taken from another document.

It seems quite clear that this allegation is sufficient to entitle the plaintiff to the relief which she demands. The proceedings being regular on their face, the plaintiff would be obliged, for the purpose of defending any claim or action based upon the illegal assessment, to produce evidence to establish that the signatures to the petition were fraudulently attached, as alleged. This fact would not necessarily appear in the proofs of the party claiming under the assessment. He could rest his case upon proof of the genuineness of the signatures attached to the petition, and of their being those of a majority of the owners. The plaintiff, or those claiming under her, would then be obliged to prove the fraud alleged. This clearly brings the case within the rules governing actions to remove clouds upon titles.

The case thus far is free from difficulty; but it is claimed, on the part of the defendant, that the complaint contains a further allegation which shows that the plaintiff is not enti-

tled to this remedy. That allegation is, that of the so-called Atlantic avenue, between Flatbush avenue and Classon avenue, the whole of the southerly part thereof; that is to say, north of the plaintiff's premises, and fifty feet north thereof, is owned by certain individuals in fee, and is not and never has been legally taken as and for a public highway, street, or avenue, and the persons signing the petition as owners fronting thereon were not such owners, and had no right to be included as entitled to sign it, and without their signatures a majority of the owners did not have their names appended to the petition.

The defendants claim that this allegation shows that the invalidity of the assessment would necessarily appear on the proofs of any party claiming under it, it being incumbent upon such party to prove that the signers of the petition were owners of the land fronting on the avenue; that consequently no case could be made out against the plaintiff which she would be obliged to meet by proofs, and the case falls within the rule referred to in *Marsh* v. *The City of Brooklyn* (59 N. Y., 280).

There are two answers to that position. First, assuming that the defendant is correct in saying that if the statement in the complaint is true, it would necessarily appear in any proceedings of a party claiming under the lien that the southerly part of Atlantic avenue had never been legally taken, but was owned by individuals, and that therefore the signers of the petition were not owners of land fronting on the avenue, yet it does not follow that the demurrer to the complaint should be sustained. I do not understand the rule ever to have been established that where a complaint alleges two grounds upon which relief is claimed, one of which is sufficient and the other insufficient, the whole complaint is demurrable, nor that an action to remove a cloud upon title is subject to any such rule. The complaint now under consideration states one good ground for the relief claimed, viz.: Fraud in manufacturing a petition apparently regular and sufficient upon its face. The additional allega-

tion that the assessment is invalid, by reason of another defect, which would not be a good ground for relief in equity, should not vitiate or detract from the effect of the allegations first made. It is contended that it should, because if the second allegation is well founded, the plaintiff has no need of relief in equity; that she can never be injured by the apparent lien, and it can never be enforced against her property. But is she bound to repose wholly upon the second alleged ground of invalidity? When the contest comes, and the lien is sought to be enforced, the claimant under the lien will be at liberty to contest her objection and she may fail in maintaining it. In the meantime, her evidence to establish the first ground of defense may have been lost. It is to protect parties against this danger, that actions to remove clouds upon titles are allowed. I do not think that a plaintiff in such an action, properly framed, should be deprived of the remedy simply for the reason that the complaint also sets out an additional objection to the validity of the lien sought to be annulled, which, if well founded, would appear in the proceedings to enforce the lien. It may not prove well founded in fact, and the party should not be compelled to repose wholly upon it. The allegation may be treated as surplusage.

But it is by no means certain that the alleged want of title of the signers of the petition to land fronting on the avenue would necessarily appear in the proceedings to enforce the lien or a title acquired under it. The strip of fifty feet wide, which is alleged in the complaint to belong to individuals and never to have been taken for a street or avenue, is also alleged in the complaint to be included in the so-called Atlantic avenue. And it is to be gathered from the allegations that the city has included it in the avenue, and that it apparently forms part of it, and that the lands of the petitioners front upon it, and that it was paved under the proceedings in question as part of the avenue. Under such circumstances, it would hardly be necessary for the party claiming under the lien to prove more in respect to

the petition than that it was signed by a majority of the owners of the land fronting on the avenue, as it was actually open, paved and used. I do not apprehend that it would be a necessary part of the proofs of a party claiming under such an assessment to introduce the proceedings for opening the street or avenue, and prove that the land included in it had been legally taken. The party setting up that the owners of land apparently fronting on the street or avenue were not, in fact, such owners, for the reason that there was a strip included in the avenue lying in front of their lots which belonged to individuals, and had never been legally taken for the avenue, would, I think, be required to prove that fact if he desired to avail himself of it. Such would be the position of the plaintiff in this action, should an attempt be made to enforce the lien of this assessment upon her property. The admission of the fact by the demurrer in this case would not avail her in such a proceeding, but she would have to prove it. On this branch of the case, therefore, I think the plaintiff brings herself within the rule invoked.

I think the title of third parties to the strip in question is sufficiently alleged in the complaint, and that the allegation that it had never been legally taken for the avenue was sufficient. The cession of it to the city by the owners is negatived by the allegation that they were still owners; and it was not important to allege that no proceedings had been instituted for the taking of the land when it is alleged that it had never been legally taken. There is nothing in the complaint showing that the avenue had been thrown open and used as such for five years continuously, and therefore no question arises under the statute. But if the General Term is correct in its views upon these points, and the allegations of the complaint are insufficient to show that the lands of the petitioners do not front upon the avenue, then the complaint discloses no defect in the proceedings for the assessment, except the latent one arising from the fraudulent manner in which the signatures are alleged to have been

attached to the petition, and the argument in support of the demurrer is entirely swept away.

The judgment should be reversed, and the judgment of the Special Term affirmed, with leave to the defendant to withdraw the demurrer and answer, on payment of costs within twenty days.

All concur, except FOLGER and MILLER, JJ., absent; CHURCH, Ch. J., concurring on second ground of answer to second objection.

Judgment accordingly.