## WILLIAMS v. WILLIAMS.

### (*Supreme Court, Special Term, New York County.* April 24, 1890.)

1. SET-OFF AND COUNTER-CLAIM—DIMINISHING PLAINTIFF'S RECOVERY.

In an action to recover the entire estate left by a decedent, under a contract by which decedent agreed to bequeath all his property to plaintiff, an answer which alleges that plaintiff was indebted to decedent at the time of the latter's death does not "tend to diminish or defeat the plaintiff's recovery," within Code Civil Proc. N. Y. § 501, defining counter-claims, since a debt due from plaintiff is a part of the estate, all of which is sued for.

2. PLEADING—EFFECT OF DEMURRER—FIRST FAULT.

On demurrer to the answer, defendant may attack the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

3. WILLS—CONTRACT TO MAKE—ACTION TO ENFORCE—PARTIES.

An action to recover the entire estate left by a decedent, under a contract by which decedent agreed to leave all his property to plaintiff, affects the distribution of the estate, but not the administration, and the heirs and next of kin, and not the administratrix, are the real parties in interest against whom it should be brought.

Action by Fielding L. Williams against Lucy E. Williams, as administratrix of David W. Williams, deceased. Plaintiff filed the following complaint: "The plaintiff above named, for cause of action against the defendant, alleges (1) that during his life-time, and for some time prior to the 31st day of December, 1873, the above-named David W. Williams was a copartner of this plaintiff, and with him carried on the business of sugar refining in the city of Philadelphia, under the firm name or style of F. L. Williams & Co.; (2) that on or about the 31st day of December, 1873, said firm was dissolved by mutual consent of the co-partners, and an accounting was thereupon had between them by which it was found that said David W. Williams was indebted to said plaintiff in the sum of $25,492.26; (3) that on or about the 10th day of February, 1874, in consideration of a release in writing of said indebtedness which plaintiff executed, and then and there delivered to him, the said David W. Williams promised and agreed that should he die without wife or child he would leave the income of his estate to his mother, Lucy E. Williams, for

life, and the whole of said estate upon her death, or if she did not survive him, to the plaintiff, were he then living, otherwise to the children of said plaintiff, the survivor or survivors of them; (4) that on or about the 15th day of July, 1886, said David W. Williams died without wife or child, leaving his mother, the said Lucy E. Williams, and this plaintiff, him surviving, but did not by will or in any manner leave or dispose of his estate in accordance with the agreement above set forth; (5) that said David W. Williams died possessed of certain goods, chattels, credits, and estate, upon which letters of administration have been granted by the surrogate of the county of New York to Lucy E. Williams, the defendant above named.    Wherefore plaintiff prays for judgment that the defendant, after the payment of all the just debts of said deceased, pay over the residue of said estate to a trustee to be appointed by this court to receive and collect the income of said estate, and pay the same to Lucy E. Williams, the mother of the deceased, during her life-time, and upon her death transfer and deliver said estate to this plaintiff, if he be then living, or, if he be not living, to the children of said plaintiff, the survivor or survivors of them."    The ninth and tenth paragraphs of the answer are as follows:    "*Ninth.* Further answering, and by way of a separate and distinct defense, in addition to and herein repeating the allegations and denials hereinbefore contained, the defendant further alleges upon information and belief that, at the time of the death of the said David Walker Williams, he was not indebted or under any obligation to the said Fielding L. Williams in any amount, or of any kind whatsoever, and that, on the contrary, the said Fielding L. Williams was, at the time of the death of the said David Walker Williams, indebted to him, and is still indebted to his estate, and to the defendant, as the legal representative thereof, in the sum of $1,000, for moneys of the said David W. Williams collected and received by him and in his hands, to the use of the said David W. Williams, and not paid over to the said David W. Williams at the time of the latter's death, amounting to the said sum of $1,000, no part of which has been paid, and the whole amount whereof, with interest from 14th day of May, 1884, is now due and owing from the plaintiff to the defendant.    *Tenth.* Further answering, and by way of a separate and distinct defense, in addition to and herein repeating the allegations and denials hereinbefore contained, the defendant further alleges that immediately upon the death of the said David W. Williams, and before the defendant's appointment as his administratrix, the plaintiff attempted to seize possession of his estate, and obtained from the defendant by deceit, threats, and duress an agreement that the plaintiff should have all the estate of the said deceased, and that the plaintiff then, upon steps being taken on behalf of the defendant to have such illegal agreement canceled, surrendered all claim under the same, but immediately took steps to seize the estate of the deceased, opposed the lawful right and application of the defendant, as the said deceased's mother, to be appointed administratrix in the state of New York of deceased's estate, and procured himself to be appointed in the mean time temporary administrator of such estate, and kept the possession thereof pending his frivolous objections to the defendant's said application; that, after such proceedings were decided by the surrogate in her favor, the plaintiff, for the purposes of delay and of retaining possession of the said estate, took frivolous appeals to the general term of the supreme court, and to the court of appeals from the surrogate's decision, which appeals were both dismissed, until finally, after a delay of over two years, the defendant was enabled to obtain administration of said estate; that, upon the issuance of her said letters of administration, she took proceedings to compel the plaintiff to account and turn over to her the said estate in his hands, and, upon such accounting proceedings, the plaintiff, upon his sworn examination before the referee, appointed by the surrogate of New York county, admitted that he was indebted to the deceased and his estate in the sum of $1,000 and interest thereon, and made no claim

whatsoever that the said deceased or his estate was under any legal obligation or liability to him, or that there was any offset or counter-claim of any kind whatsoever existing in his favor, and that accordingly a final decree was duly entered in such accounting proceedings confirming the report of such referee, settling accounts of the plaintiff, and finding and adjudging that he was indebted to the said David Walker Williams and the latter's estate in his individual capacity in said sum of $1,000 and interest, and directing that he turn over to the defendant, as such administratrix, the property of the said deceased held by him, which he thereupon did so turn over. And the defendant further alleges that the said decree was duly made and entered by the said surrogate on the 30th day of July, 1889, and is in full force and effect, no appeal having been taken therefrom. Wherefore, the defendant demands judgment that the said complaint be dismissed, and that the defendant have judgment in her favor against the plaintiff for the aforesaid sum of $1,000, with interest thereon from the 14th day of May, 1884, and that she may have and recover the costs of this action against the plaintiff." Plaintiff demurred to the defense or counter-claim contained in the ninth paragraph of the answer, on the ground that it was not of the character specified in Code Civil Proc. N. Y. § 501, which provides that a counter-claim "must tend in some way to diminish or defeat the plaintiff's recovery:" Plaintiff likewise demurred to the defense contained in the tenth paragraph of the answer, on the ground that it was insufficient in law on the face thereof.

*Thomas Jackson,* for plaintiff. *Butler, Stillman & Hubbard,* for defendant.

O'BRIEN, J. If the facts stated in the complaint were sufficient to constitute a cause of action as against the defendant, I am of opinion that the demurrer to the ninth and tenth defenses is well taken. As to the ninth paragraph of the answer, it does not tend to defeat or diminish plaintiff's recovery, and therefore is not of the character specified in section 501 of the Code. No debt or amount whatever could impair plaintiff's recovery, for the judgment he demands comprehends the whole estate, of which a debt due the estate from himself or any one else is a part. The tenth count in the answer does not state a counter-claim or defense. The facts stated do not constitute an estoppel against plaintiff, nor is it there alleged that he has released the estate from his claim, nor that his accounting before the surrogate bars his suit as *res adjudicata.* It might well be that these matters, if admitted as evidence, might have a tendency to show the reason for, and the improbability of, the present claim made by plaintiff, but as a defense, this count is clearly insufficient.

It has been settled, however, that upon the argument of a demurrer to an answer the defendant may raise the objection that the complaint itself does not state facts sufficient to constitute a cause of action, and such an objection, if well taken, is not only a complete answer to the demurrer, but should result in the dismissal of the complaint. In *People* v. *Booth,* 32 N. Y. 397, it was said: "On demurrer to an answer for insufficiency, the defendants are at liberty to attack the complaint upon the ground that it does not state facts sufficient to constitute a cause of action." See, also, *Wilmore* v. *Flack,* 16 Wkly. Dig. 236; *Parsons* v. *Hayes,* 50 N. Y. Super. Ct. 29; *Graham* v. *Dunnigan,* 6 Duer, 629.

The objection having been taken, therefore, the question is presented whether the action is properly brought against the defendant as administratrix. The complaint alleges that for a consideration the intestate agreed that, should he die without wife or children, he would leave the income of his estate to his mother for life, and the whole estate upon her death, or, if she did not survive him, to the plaintiff, were he then living, otherwise to plaintiff's children; that he died without wife or children, but did not fulfill his agree-

ment. Wherefore judgment is prayed for that the terms of the agreement be carried out., It will thus be seen that this action is brought to recover, not a part, but the entire estate, consisting, as it may, for aught that appears in the complaint, of both real and personal property within this state. Such an action is not intended to affect the administration, but the distribution, of the estate. It is not a claim against, but to, the estate. In effect it is asking the court to make a will which, it is alleged, the decedent promised and failed to make. It seems reasonably free from doubt that in such an action, the heirs at law and next of kin, and not the administratrix, are the real parties in interest, and therefore it should be as against them that the plaintiff · should assert his claim. The complaint states a cause of action, therefore, which is good as against the heirs and next of kin, but which is bad as against the present defendant, who is sued as administratrix. While, therefore, the plaintiff's demurrer would have been sustained to the ninth and tenth defenses, there should be judgment for the defendant dismissing the complaint for a failure to state facts sufficient to constitute a cause of action, but with leave to serve an amended complaint upon payment of costs.