WILLIAM H. CLARK, Respondent, *v.* CHARLES T. POOR, Appellant, Impleaded with Others.

*Demurrer — when an action to establish a will is not authorized by section 1861 of the Code of Civil Procedure.*

A demurrer runs through the entire record, and the court will give judgment to the party who, on the whole, appears to be entitled to it.

Section 1861 of the Code of Civil Procedure does not authorize an action in the State of New York to prove and establish the will of a resident of another State which has been duly admitted to probate in such latter State.

Article 7 of title 3 of chapter 18 of the Code of Civil Procedure provides a complete scheme for establishing and giving effect within the State of New York to wills duly admitted to probate in other States.

APPEAL by the defendant, Charles T. Poor, from a judgment of the Supreme Court in favor of the plaintiff, rendered at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 8th day of August, 1893, sustaining the demurrer interposed by the plaintiff to the defendant's answer, with notice of an intention to bring up for review on such appeal the interlocutory judgment entered in said New York county clerk's office on the 26th day of April, 1893.

*W. P. Knapp*, for the appellant.

*Robert L. Redfield*, for the respondent.

Follett, J.:

The following facts are alleged in the complaint: November 8, 1892, Anna T. B. De Witt, a resident of the State of Connecticut, died in said State, leaving real and personal property therein, and also real and personal property in the State of New York. She left a last will and testament, executed June 26, 1890, in the State of New York, by which she bequeathed to the plaintiff twenty shares of the stock of the American News Company. December 2, 1892, said will and testament was duly admitted to probate in the county of Fairfield, in the State of Connecticut, and was duly recorded in the office of the Probate Court of that county, and letters were duly issued thereon. The will has not been probated in this State. June 6, 1893, this action was begun to have the will proved and established in this State. March 16, 1893, the representative of the estate answered that the twenty shares of stock bequeathed to the plaintiff had been tendered to him, and that he had no interest in having the will proved and established in the State of New York, and demanded a judgment that the complaint be dismissed, with costs. March 18, 1893, the plaintiff demurred to the answer on the ground " that it is insufficient in law upon the face thereof," which was sustained, and an interlocutory judgment entered. The defendant not availing himself of the privilege granted to plead anew, a final judgment was entered awarding the relief demanded in the complaint.

A cause of action is not stated in the complaint. It is alleged therein that the will has been duly probated in the State of Connecticut, wherein the testatrix resided and died. It is not alleged that the will or the proceedings by which it was probated have been questioned. Section 1861 of the Code of Civil Procedure, under which this action was brought, does not authorize an action to prove and establish the will of a resident of another State which has been duly probated therein. This section is a re-enactment of sections 63, 64, 67 and 68 of title 1, chapter 6, part 2 of the Revised Statutes, by which it appears that the term " establishing a will " means the same as proving a will, and such is the obvious meaning of the term as used in the section of the Code referred to, which has no relation to wills which have been duly proved. Article 7 of title 3 of chapter 18 of the Code of Civil Procedure pro-

vides a complete scheme for establishing and giving effect within this State to wills duly probated in other States. A demurrer runs through the entire record, and the court will give judgment to the party who, on the whole, appears to be entitled to it.

The final and interlocutory judgment should be reversed, and the complaint dismissed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

The final and interlocutory judgments reversed, and the complaint dismissed, with costs.