(33 App. Div. 452.)

KAGER v. BRENNEMAN.

(Supreme Court, Appellate Division, First Department. October 21, 1898.)

ANSWER—SEPARATE DEFENSES—DEMURRER.
    The answer in an action against the wife of an executor, who is alleged to have misappropriated funds, to have the property in which the funds were invested charged therewith, does not set up separate defenses in separately numbered paragraphs, one of which admits she is the executor's wife, and insists that she has an inchoate right of dower in the property, and the other of which admits that her husband used money of the estate in buying the property, but alleges that plaintiff had no interest in the money so used; so that separate demurrers to each of said paragraphs are bad, being to separate parts of a defense.

Appeal from special term, New York county.

Action by Josephine Kager against Elizabeth Brenneman, impleaded with others. From an. interlocutory judgment sustaining a demurrer to separate defenses 1 and 2 in said defendant's amended answer, she appeals. Reversed.

The action is brought to obtain an accounting for, and for the sale of, property in which it is alleged that money improperly taken from an estate was invested. The defendant Elizabeth Brenneman is the wife of Charles Brenneman, who is the person charged with misconduct in appropriating

money of the estate while acting as executor, and investing it in his own name; and she is made party for the reason, on the plaintiff's theory, that she is not entitled to a dower interest in the lands so purchased. The complaint is framed so as to state two causes of action. The first is made to rest upon the decree of the surrogate in the accounting proceedings in which Elizabeth Brenneman was a party, which decree of the surrogate, so far as the question here involved is concerned, was affirmed by the court of appeals. 152 N. Y. 645, 46 N. E. 1145. The second cause of action presents, in substance, the same facts; but the complaint is framed so as to enable the plaintiff to recover upon presentation of the facts, if the decree of the surrogate is not conclusive. The appellant is not only the wife of the executor, but she is also a beneficiary under the will. In the first paragraph of her amended answer she admits that she is the wife of Charles Brenneman, and insists that she has an inchoate right of dower in the property. In the second paragraph she admits that her husband used money of the estate in order to purchase the property, but alleges that the plaintiff had no interest in the money so used. The plaintiff demurs to "the separate defense consisting of new matter contained in each of these paragraphs," and it is from the judgment sustaining the demurrer that this appeal is taken.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Abner C. Thomas, for appellant.

Henry A. Forster, for respondent.

O'BRIEN, J. It will be noted that the plaintiff treats the paragraphs of the amended answer separately, by demurring to each of them, as though they had been interposed as separate and distinct defenses; and they are severally arraigned as "insufficient in law, upon the face thereof." Unless the construction the plaintiff thus places upon the answer is correct, the demurrer is bad in form; for it has been repeatedly held that a demurrer will not lie to separate parts of a defense, but that, for the purpose of determining its sufficiency, the defense is to be construed in its entirety. The underlying question therefore is, does this answer set forth, or purport to set forth, more than a single defense? Because, if it does not, for the reasons stated, the demurrer to a separate paragraph cannot be sustained. The Code requires that, where the defendant intends to interpose more than a single defense, such defenses must be separately stated and numbered. Section 507. In the answer under consideration the paragraphs are not numbered or stated as separate defenses, and in form it contains but a single defense. Notwithstanding, the respondent urges here, as she did below, that this does not prevent the paragraphs from being treated as separate defenses, and relies upon certain authorities, that a failure to separately state and number them, or the omission of the formal words of the Code, does not prevent allegations in the pleadings from being treated as separate defenses. Although some authorities may be found to support such a proposition, none of them go so far in overriding the provisions of the Code as to hold, in doubtful cases, where different constructions can be given to the pleadings, that that construction shall be applied which is in conflict with the provisions of the Code requiring that, when more than one defense is alleged, it shall be separately stated and numbered. Thinking, as we do, that the pleader intended to set forth but a single defense, the demurrer is not only bad in

substance, but it is also bad in form, in that it is indefinite, in being directed to new matter contained in certain paragraphs, without pointing out what new matter is particularly referred to.

Our conclusion therefore is that the judgment appealed from is erroneous, and should be reversed, with costs, but with leave to the plaintiff to plead over on payment of costs in this court and in the court below. All concur.

BARRETT, J. (concurring). I agree with the respondent that although, under section 507 of the Code of Civil Procedure, each defense in an answer must be separately stated and numbered, yet it is not necessary that the formal words, "as a separate defense," should be used. Their equivalent will answer. It is, indeed, sufficient if the new matter be so stated that these formal words, or their equivalent, may fairly be implied. In other words, this requirement of section 507 is satisfied when we find in a separately numbered paragraph an affirmative allegation of exclusively new matter constituting a defense; and this separately numbered paragraph is complete in itself, and is not combined with denials or references to any other defense. Tested by this rule, the demurrer is bad. The first paragraph of the answer is a mere admission. Neither expressly nor impliedly does it purport to be a plea of new matter constituting a defense. The latter observation applies to the second paragraph as well. In this second paragraph we have both admissions and denials. In connection with the admission there is an affirmative allegation, the tendency of which is to qualify the admission, and nullify its effect. This combination of admission and qualifying allegation is in no sense a separate defense to the causes of action set forth in the complaint. It is quite clear that the three paragraphs of the answer were pleaded in their entirety as a single defense. The paragraphs, it is true, were separately numbered,—not, however, because each is a separate defense, but because each relates to a different phase of the complaint. I therefore concur in the reversal.