(65 App. Div. 49.)

HOLMES v. NORTHERN PAC. RY. CO.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. PLEADING—DEMURRER TO PARTS OF DEFENSE.
Where a demurrer is specifically taken to new matter in certain defenses, it is properly overruled as not being to the whole of such defenses.

2. SAME—SCOPE OF DEMURRER—INSUFFICIENCY OF COMPLAINT.
Where a complaint counts on a covenant made by defendant, without averring that it was made on consideration or was under seal, and does not show with whom the covenant was made, or that it was made for plaintiff's benefit, and such defects are not aided by the answer, it does not state facts constituting a cause of action, and a demurrer to the defenses of the answer must be overruled, since the demurrer searches the whole record, and relates back to the first defective pleading.

Appeal from special term, New York county.
Action by Artemas H. Holmes against the Northern Pacific Railway Company. From an interlocutory judgment overruling a de-

murrer to new matter contained in the answer, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

L. C. Lewis, for appellant.

Wm. J. Curtis, for respondent.

PATTERSON, J. This demurrer is to new matter set up in the answer. The action is brought to recover interest upon certain registered bonds issued by the Northern Pacific Railway Company to the plaintiff in January, 1888; the plaintiff claiming in his complaint that he has been the owner and holder of those bonds from that time until the commencement of this action. It is further alleged in the complaint that on November 10, 1896, and thereafter, the defendant duly covenanted, undertook, and agreed well and truly to pay and discharge each of said bonds, and also duly, punctually, and regularly to pay or cause to be paid the interest thereon as it matured until said bonds were paid or discharged; and then a breach is alleged in the nonpayment of interest which became due on the 1st of July, 1900. The defendant answered, and, among other things, in the first defense denied that it ever made to the plaintiff for his benefit, or for the benefit of any holder of the bonds, any covenant, promise, or agreement whatever to pay said bonds, as alleged in the complaint, and then proceeds, for a second defense, to repeat and reallege the allegations contained in the first defense, as though they were again set forth at length, after which it sets out that on the 10th of November, 1896, it executed and delivered to the Mercantile Trust Company of New York, as trustee, a prior lien mortgage to secure an issue of its prior lien railway and land grant bonds; that the sole parties to the prior lien mortgage were the defendant and the Mercantile Trust Company, as the holder of such bonds issued or to be issued by the defendant; and that by one of the conditions of said mortgage it (the defendant) covenanted as follows:

"The railway company will well and truly pay and discharge, or will acquire and pledge hereunder, on or before their respective dates of maturity, all of said outstanding bonds of the Northern Pacific Railroad Company secured by its Missouri Division mortgage dated May 1st, 1879, and its general first mortgage dated January 1st, 1881, * * * and all outstanding bonds of the St. Paul & Northern Pacific Railway Company secured by its mortgage dated June 1st, 1883; it will not issue, or permit or suffer to be issued, any bonds under any of said mortgages in addition to said bonds now outstanding thereunder, except registered bonds issued in exchange for coupon bonds surrendered; it will not extend, or permit or suffer any extension of, the time of payment of any of said bonds at, before, or after maturity thereof; and it will duly, punctually, and regularly pay or cause to be paid the interest on all such outstanding bonds until the same shall be paid and discharged, or acquired and pledged hereunder."

It is also alleged in the answer that said prior lien mortgage also contained the following provision:

"Nothing in this article or any other article of this indenture, expressed or implied, is intended or shall be construed to confer upon any person or corporation other than the parties hereto, and the holders of bonds issued

under and secured by this indenture, any legal or equitable right, remedy, or claim under or in respect of this indenture, or any covenant, condition, or stipulation thereof; all of its covenants, conditions, and stipulations being intended to be and being for the sole and exclusive benefit of the parties hereto, and of the holders of bonds hereby secured."

The defendant then proceeds to set forth that on the 10th of November, 1896, it made and executed a general lien mortgage to the Farmers' Loan & Trust Company to secure an issue of its general lien railway and land grant gold bonds; that the sole parties to the said general lien mortgage were the defendant and the Farmers' Loan & Trust Company, as trustee for holders of the said general lien railroad and land grant gold bonds, and that that mortgage contained similar provisions to those in its prior lien mortgage made to the Mercantile Trust Company of New York; and that the only covenants contained in both the prior lien and the general mortgage were those pleaded. The defendant then sets up in its answer a third defense. In that third defense it repeats and realleges all the allegations and denials contained in certain paragraphs of its first defense, and then proceeds to set up the following new matter:

"On information and belief it alleges that said bonds mentioned in the complaint were part of an issue of general first mortgage bonds made by the Northern Pacific Railroad Company under its general first mortgage made by it to the Central Trust Company of New York on January 1, 1881, a copy of which said general first mortgage, marked 'Exhibit A,' is hereto annexed; that all of said general first mortgage bonds of the Northern Pacific Railroad Company issued under said mortgage, including the bonds mentioned in the complaint herein, were paid and discharged before the 1st day of July, 1900, and on or about the 1st day of January, 1900, and that said general first mortgage made by the said Central Trust Company of New York was discharged, canceled, and satisfied of record on the 13th day of November, 1899; that neither this defendant nor the Northern Pacific Railroad Company has ever been indebted to plaintiff for interest on said bonds falling due on July 1, 1900."

The demurrer is specifically taken to new matter contained in the second and third defenses, and the court below overruled it on the ground that, in substance and form, it was only a demurrer to parts of the second and third defenses, and not to the whole thereof. It must be so regarded, and the demurrer is ineffectual. Kager v. Brenneman, 33 App. Div. 452, 54 N. Y. Supp. 94; Hollingsworth v. Spectator Co., 53 App. Div. 292, 65 N. Y. Supp. 812; Iron Co. v. Robinson, 60 App. Div. 69, 69 N. Y. Supp. 728; Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274. In the case last cited the answer setting up the new defense was the same as this in form, and it was held that a demurrer would not lie to the defense, because of the clause reiterating the denials in former parts of the answer, which constituted part of the defense as pleaded. But there is another point. The demurrer searches the whole record, and relates back to the first fatal defective pleading. Clark v. Poor, 73 Hun, 143, 25 N. Y. Supp. 908; Metzger v. Carr, 79 Hun, 258, 29 N. Y. Supp. 410; King v. Townshend, 78 Hun, 380, 29 N. Y. Supp. 181; People v. Booth, 32 N. Y. 397; Village of Little Falls v. Cobb, 80 Hun, 20, 29 N. Y. Supp. 855; Fleisher v.

Trust Co., 58 App. Div. 473, 69 N. Y. Supp. 437; Baxter v. Mc-Donnell, 154 N. Y. 432, 48 N. E. 816. Here the complaint is bad. It counts upon a covenant made by the defendant. There is nothing in it to show that that covenant was made upon consideration. It is not declared in the complaint that it is under seal, and that will not be implied. Van Santwood v. Sandford, 12 Johns. 197. The complaint does not show with whom the covenant was made or that it was made for the plaintiff's benefit, nor does the plaintiff bring himself in privity with the covenantor. The defects of the complaint are not aided by the allegations of the answer; for, if they are to be taken as true, it would appear that the covenant contained in the mortgage set up in the second defense was not one upon which the plaintiff could sue, and the plea of payment and discharge of the bond in the third defense is a perfectly good plea.

The judgment overruling the demurrer should be affirmed, with costs.

INGRAHAM and HATCH, JJ., concur. VAN BRUNT, P. J., concurs in result upon the ground that the demurrer, being to a part of a defense, is bad. LAUGHLIN, J., concurs in result on the ground that the answer is good.