(36 Misc. Rep. 496.)

### WENK v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, Queens County. December, 1901.)

1. ACTION BY TAXPAYER—ILLEGAL ACTS—PARTIES.
     Under Code Civ. Proc. § 1925, authorizing a taxpayer to sue to prevent illegal official acts or official waste of funds or property of a municipality, the action can be brought only against the offending officials.

2. SAME.
     Where a municipality and others are necessary parties in an action by a taxpayer against officers to prevent illegal official acts, such other parties may be made defendants with such officials.

3. SAME.
     A suit by a taxpayer of New York to set aside a collusive lease of common lands of Jamaica made by its town board in 1892 will not lie against the city of New York, as lessor, its comptroller, as collector of rents, and other persons as leaseholders; the offending officials who made the alleged illegal lease not being parties defendant.

4. DEMURRER TO ANSWER.
     A demurrer to an answer brings up the insufficiency of the complaint.

Action by Theodore Wenk against the city of New York and others. Demurrer to the complaint sustained; and to the answers, overruled.

The suit is by a taxpayer of the city of Brooklyn to annul a lease made in 1892 by the town officers of the town of Jamaica to the defendant Alonzo E. Smith of certain common lands of the town for a term of 50 years. The other defendants, excepting the city and its comptroller, are alleged to have acquired certain interests in the said lands, immediately or remotely, from the said lessee. It is also alleged that the said town officers executed another lease of the said lands on April 19, 1897, to the defendant Boynton for a term of 50 years to begin at the expiration of the said prior term, and also a confirmatory lease of the said first lease on December 29, 1897. It is alleged that Frederick W. Dunton, one of the said town officers, i.e., the supervisor, was the real person in interest as lessee in the said first lease, and that the said lessee therein acted for him, and was used by him to conceal his interest; and that the said lessee in the said second and third leases stood in the same relation to the said Dunton.

None of the said officials is made a party to the suit.

The said town of Jamaica became a part of the defendant the city of New York by act (chapter 378 of the Laws of 1897) incorporating the said city.

The defendant the United States Land & Improvement Company demurs to the complaint on the ground, among others, that it does not state facts sufficient to constitute a cause of action.

The defendants the Co-operative Society of New Jersey and Alonzo E. Smith answer separately, and set up certain alleged defences, to each of which the plaintiff demurs on the ground that it is insufficient in law on the face thereof.

H. A. Montfort, for plaintiff.

F. H. Van Vechten, for defendants.

GAYNOR, J. The demurrer to the complaint that it does not state facts sufficient to constitute a cause of action must be sustained. Any right of action which the town of Jamaica had against the lessees to set aside the leases as voidable or fraudulent passed, I suppose, to the defendant the city of New York. City Charter, § 1616. But the right of action which is given to taxpayers by the statutes allowing suits to be brought by them to prevent illegal official acts and waste of the property or funds of municipal corporations, is against guilty officials only. Such statutes do not enable taxpayers to bring all suits which a municipal corporation neglects to bring, regardless of whether they be against such officials. Chapter 301, Laws 1892; Code Civ. Proc. § 1925. The first of these statutes enables taxpayers to maintain suits against "officers, agents, commissioners and other persons acting for" a municipal corporation "to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, or to restore and make good any property, funds or estate" of such municipal corporation; and the second is in substantially the same terms, except that it does not provide for a restoration. This suit is not against the officials who did the official acts complained of. It is against the leaseholders to annul the leases; the city being made a party as successor to the town of Jamaica, and the comptroller only because he is collecting the rents under the leases, which it is his duty to do. It is not covered by the said statutes at all. They do not provide for suits against municipal corporations, but only against officials thereof. They simply enable taxpayers to rake their officials over the coals in court. When such officials are so sued, the municipal corporation, or any one else, may be made a co-defendant when necessary to a complete and binding judgment upon every one interested; but that is only incidental to the cause of action against the officials. If this suit could be maintained irrespective of such statutes (which I do not need to pass upon—Overton v. Village of Olean, 37 Hun, 47; Roosevelt v. Draper, 23 N. Y. 318), it could only be after a demand by the plaintiff of the proper city officials that they bring the suit in the name of the city, and a refusal by them to do so, the same as in the case of a stockholder of a corporation, and this would be a necessary allegation of the complaint. The demand and refusal would put such officials and the city in the wrong.

As the complaint states no cause of action, the demurrers by the

plaintiff to the answers have to be overruled, for such demurrers reach back to the first fault in pleading, and enable the defendants to question the sufficiency of the complaint. A bad answer is good enough for a bad complaint. Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816.

The demurrer to the complaint is sustained; the demurrers to the answers are overruled.