(75 App. Div. 561.)

## SCOTT v. CONN.

(Supreme Court, Appellate Division, First Department.  November 7, 1902.)

1. INDEMNITY—LIABILITY OF INDEMNITOR—CONDITION PRECEDENT — ACTION AGAINST PERSON PRIMARILY LIABLE.

Where, in an action on a contract to indemnify plaintiff on failure of a corporation to perform its contract, the indemnitor denied liability on the ground that no suit had been instituted to enforce the contract against the corporation, and that plaintiff's damages had never been ascertained, etc., a reply alleging that plaintiff's failure to institute such proceedings was due to the corporation's insolvency was sufficient.

Appeal from special term, New York county.

Action by Walter Scott against Charles G. Conn.  From an interlocutory judgment overruling a demurrer to a part of a reply to an answer, defendant appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Henry J. McCormick, for appellant.
Charles D. Ridgway, for respondent.

HATCH, J.   It appears by the averments of the complaint that the plaintiff was engaged in business in the city of New York under the name of Walter Scott & Co.; that on or about July 29, 1895, the plaintiff entered into a contract with the Washington Times Company, of Washington, D. C., a corporation then owning and publishing a newspaper known as the Times; that by the terms of the contract the plaintiff agreed to manufacture and deliver to the newspaper corporation two printing presses at a specified price; that the plaintiff duly performed his contract, manufactured said presses, and tendered delivery of the same, but that the said corporation refused to receive the same, or otherwise perform its contract.   It was further averred that at the time of entering into said contract the defendant promised and agreed, as an inducement to the making of the same, that, in the event of the sale of the newspaper, he would indemnify the plaintiff from loss he might sustain by reason of the failure of the corporation to perform its contract.   It is further averred that the said corporation subsequently sold its said newspaper, and is now insolvent, and that by reason of the premises plaintiff is entitled to recover upon the agreement of indemnity; that he has frequently requested the defendant to perform his said contract, but that he has refused so to do.   The defendant answered the complaint, and averred, among other things, that plaintiff has never brought any action at law or suit in equity, or sought to enforce in any way the contract against the said corporation, and that plaintiff's damages have never been fixed or ascertained, nor has the amount been adjudged which the corporation is liable to pay on account of its failure to perform its contract, and that the plaintiff, by failing to pursue the principal debtor under the contract, has been guilty of such negligence as defeats this action.   After issue was thus joined, the defendant procured an order directing that plaintiff reply to that portion of the answer which averred the failure to institute legal proceedings to enforce his claim against the corporation.   The plaintiff replied thereto, admitting that he had never instituted an action at law or suit in equity to establish the liability of the said corporation, and further averred that during all the times mentioned in the complaint the said corporation was utterly insolvent and had no property from which a recovery of said damages could be had.   To the reply defendant interposed a demurrer upon the ground that it was insufficient in law upon the face thereof. The demurrer was overruled at the special term, and interlocutory judgment entered thereon.   From such judgment an appeal was taken to this court.

The contract of indemnity which the plaintiff seeks to enforce in this action is expressed in the complaint in the following language:

"As an inducement to the making of said contract said defendant promised and agreed with said plaintiff that, in the event of the sale of the said newspaper, he would indemnify the said plaintiff from any loss he might sustain by reason of the failure of the said Washington Times corporation to perform their said contract."

It is the contention of the defendant that this contract is to be construed as a simple guaranty upon the part of the defendant against loss sustained by reason of the failure of the corporation to perform

its contract; that, as a condition precedent to the maintenance of an action thereon, it must be made to appear that the party has sustained loss, and that such loss cannot be considered as established until such party has had the same adjudged in an appropriate action, and that process is unavailing to collect the same; that, as these facts must be proved in order to authorize a recovery, it is essential that they be pleaded, or no cause of action is stated in the complaint. The complaint does not contain such averment, and the reply expressly states that the plaintiff has never brought an action at law or a suit in equity against the corporation to enforce the claim. The plaintiff contends that the agreement is one of indemnity for the failure of the corporation to perform its contract and take and pay for the machines, in which event it seems to be conceded that no action would be necessary as a condition precedent to the maintenance of the action. We do not find it necessary in the disposition of the demurrer to determine the correctness of either contention, for, however determined, we think the reply should be sustained as a good pleading. It is averred in the complaint, and also in the reply, that the corporation is insolvent, and had no property out of which the plaintiff could have recovered his damages, or any part thereof. This being true, it shows that it would have been an idle ceremony to institute legal proceedings for the collection of the debt against the corporation. If, therefore, we assume that this is an indemnity to save harmless from loss, and not for the fulfillment of the contract, the loss is established, and the damage is measured by the sum agreed to be paid. Under such circumstances it is not an essential prerequisite that an action should have been commenced and prosecuted to judgment, awarding damage before resort may be had to the contract of indemnity. Ward v. Fryer's Ex'x, 19 Wend. 494. Where a proceeding to establish the loss is rendered impossible or impracticable, or facts appear showing that such proceeding would be futile, and barren of results, and the loss can be otherwise established, an action is unnecessary to establish the same, unless the parties have by precise language stipulated therefor. Otto v. Van Riper, 164 N. Y. 536, 58 N. E. 643, 79 Am. St. Rep. 673. In the present case the pleadings show that an action, judgment, and execution would have been futile in result. It is not, therefore, a condition precedent to the maintenance of the action against the indemnitor. The interlocutory judgment should therefore be affirmed, with costs, with leave to the defendant to withdraw the demurrer within 20 days on payment of the costs of this court and in the court below. All concur.