NACHOD et al. v. HINDLEY.

(Supreme Court, Special Term, New York County. November, 1906.)

1. GUARANTY—CONSTRUCTION.
    Defendant wrote plaintiffs, "I guaranty hereby to personally hold you harmless for any losses which may arise to you out of any business transactions" had with a certain corporation of which defendant was an officer. *Held*, that such guaranty bound defendant personally, and was not intended to guaranty plaintiffs personally, as distinguished from their assigns.

2. SAME—GUARANTY OF COLLECTION—COLLATERAL.
    Plaintiffs had made a series of advancements to a corporation of which defendant was an officer, receiving as collateral claims on the corporation's customers; plaintiffs to make collections and remit to the principal debtor. During the transactions defendant wrote plaintiffs, guarantying to personally hold plaintiffs harmless for any losses which might arise to them out of any business transactions which plaintiff had or might have with the corporation, in consideration of their continuing to advance money to it. *Held*, that such contract was a mere guaranty of collection, and that plaintiffs were not entitled to recover thereon, in the absence of proof that the various debtors under the collateral were insolvent, as well as the corporation, and that plaintiff had used reasonable diligence to collect the same.

Action by Friederick Nachod and others against Charles T. Hindley. On demurrer to a separate defense, for insufficiency. Overruled.

Briesen & Knauth (George F. Hogg, of counsel), for the demurrer. Cannon & Cannon (Charles M. Cannon and Wilfred N. O'Neil, of counsel), opposed.

GIEGERICH, J. The action is brought upon a written agreement of the defendant, of which the following is a copy:

"New York, February 4, 1904.

"Messrs. Knauth, Nachod & Kuhne, 13 William street, City—Gentlemen: Referring to the memorandum of agreement which the English-Greene Company, Inc., signed with you on January 25, 1904, I hereby confirm to you that I, as an officer in the said company, guarantee hereby to personally hold you harmless for any losses which may arise to you out of any business transactions which you have had or may have with the said English-Greene Company, Inc., in consideration of your continuing advancing money to the said corporation.          Yours truly,          Charles T. Hindley."

The business transactions referred to consisted of advances made by the plaintiffs to the said English-Greene Company. The complaint further alleges that the plaintiffs made advances to the said company, and that $6,079.08 of such advances remain unpaid, and that the company is bankrupt. The separate defense demurred to alleges that the plaintiffs advanced to the company sums of money, and as security for the repayment of the same all the accounts for goods sold and delivered by the company to customers were assigned by the company from time to time to the plaintiffs, and, further, that it was the duty under the said agreement of the plaintiffs to collect said accounts thus assigned and to reimburse themselves for the advances so made, and, if any of said accounts should prove to be uncollectible and losses were incurred, then the plaintiffs were to stand one-half of such losses for the consideration set forth in the agreement between them and the said company. It is further alleged that the plaintiffs still hold various accounts, all or most of which were collectible, and could have been collected with due diligence, but that the plaintiffs have brought no actions to collect the same, nor obtained any judgments therefor, nor exhausted all the remedies available to them, either against the parties who owed the said accounts or against the said company for any losses that may have been sustained by reason of such advances.

The defendant searches the record, as he has the right to do (Baxter v. McDonnell, 154 N. Y. 432, 436, 48 N. E. 816), and claims that no cause of action is set forth in the complaint; arguing that the agreement signed by him was not individual, but an official guaranty on his part, and that the word "personally" was used to limit the guaranty to the plaintiffs personally, and to exclude its extension to their assignees or successors. As I construe the agreement, however, it binds the defendant personally. The language of the instrument is that he will personally hold the plaintiffs harmless, not that he will hold them personally harmless.

Passing, now, to the consideration of the sufficiency of the defense, the question to be determined is whether the guaranty is one of payment or of collection. If the former, then no duty rested upon the plaintiffs to begin actions and to recover judgments upon the claims held by them as collateral before having recourse to their guaranty; while, if the latter, they must take such steps before they have any

remedy against their guarantor. In Ward v. Fryer's Executrix, 19 Wend. 494, the testator promised "that, in consideration that the plaintiff would advance to one J. F. Smyth money for the purpose of facilitating his advancement in life, he would indemnify and save the plaintiff from all loss which he might be put to by reason of such advancement of money as aforesaid, for an amount in the whole not exceeding $5,000," and the court held that the promise was not an absolute one, but was merely a guaranty of collection, and was conditioned upon the failure of efforts to collect the money from the principal debtor. In Griffith v. Robertson, 15 Hun, 344, the owner of a mortgage, upon assigning the same, executed the following guaranty:

"For a valuable consideration I hereby agree to and do hereby guaranty G. J. Griffith [the assignee] against loss from this mortgage."

It was held that this was a guaranty of collection only.

In those cases, as in this one, it was a "loss" against which the guaranty or indemnity was given, and, as was said in the first case cited, a debt is not necessarily lost merely because the debtor neglects or refuses to perform his engagement. A loss is not shown simply by nonpayment of the obligation when due, but only after legal proceedings have demonstrated that the debtor cannot be compelled to pay. That a guaranty against loss sustained imposes such duty to establish the loss by legal proceedings was tacitly recognized in Scott v. Conn, 75 App. Div. 561, 563, 78 N. Y. Supp. 274. If collateral is held, by a parity of reasoning the guarantee ought first to seek his remedy against the collateral, which stands in the same position as the principal debtor, before having recourse to the guarantor, and such is said to be the rule. 14 Am. & Eng. Enc. Law (2d Ed.) 1155, which has been applied repeatedly in this state; Newell v. Fowler, 23 Barb. 628; Craig v. Parkis, 40 N. Y. 181, 100 Am. Dec. 469; Northern Ins. Co. v. Wright, 76 N. Y. 448.

The present case is stronger for the defendant than it would be if the collateral had been held by the plaintiffs without anything to show who was to collect. Here the contract between them and the principal debtor shows that collections were to be made by them; there being express provisions that the goods should be invoiced on their forms and that they should remit to the principal debtor, the English-Greene Company. On behalf of the plaintiffs it is argued that the insolvency of the English-Greene Company, which is alleged in the complaint, excuses them from any efforts to collect; citing Scott v. Conn, 75 App. Div. 561, 78 N. Y. Supp. 274. If there were an allegation that the various debtors under the collateral held as security were also insolvent, then the principle of that decision would apply. But there is no such allegation. My conclusion is that it is incumbent upon the plaintiffs to make diligent efforts to realize upon the accounts held as collateral before they can proceed against the defendant.

The demurrer to the separate defense is therefore overruled, with costs to the defendant, with leave to the plaintiffs to amend within 20 days upon payment of such costs.