(68 App. Div. 191.)

## WALLACE v. JONES et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

PLEADING—COMPLAINT—JOINDER OF ACTIONS—SEPARATE PARAGRAPHS—MUTUAL
    REFERENCE.

    A complaint against several defendants in their official capacities,
which in six preliminary paragraphs described the official status of the
several defendants and the time of such status, and in others alleged
several causes of action against one or the other defendant for acts
done by him at times therein named,—each of the second sections being
connected with the first by an introductory allegation that the first were
made a part thereof,—is insufficient, since each paragraph setting out
a separate cause of action should set out the official position of the de-
fendant against whom judgment is asked, the capacity in which he
acted, and all facts necessary to make that particular cause of action
complete on its own face.

Appeal from special term, Kings county.

Action by George Wallace against William H. Jones and others.
From an order requiring plaintiff to make his complaint more spe-
cific, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

George Wallace, in pro. per.

Henry A. Monfort (Fred. Ingraham, on the brief), for respondents.

GOODRICH, P. J. The complaint in a taxpayer's action against
the defendants Jones, Cox, and Willetts, supervisors of Nassau
county, and the defendant Eastman, treasurer of said county, con-
tained six preliminary paragraphs of allegations descriptive of the
official status of the several defendants, and the time of such status.
Subsequent paragraphs set up five causes of action, alleging acts
showing the liability of one or other defendant for acts done by
him at the times therein named, either for illegal audit or payment,
without embodying any of the descriptive clauses in any of the
first six paragraphs. On motion the special term struck out each
of the six paragraphs, unless plaintiff should serve an amended com-
plaint. An amended complaint was served, which contained the
six preliminary paragraphs, and added at the commencement of
each of the other paragraphs the words "making the first six sec-
tions herein a part thereof." On motion an order was made direct-
ing the plaintiff to amend his amended complaint so that each of
the paragraphs relating to the several causes of action should show
on its face the date and amount of the illegal audit or payment
therein complained of, and identify the particular audits by Jones,
Cox, and Willetts as supervisors, complained of, and should show
in what respect the defendant Eastman, as treasurer, had acted.
illegally in making payments. From this order the plaintiff appeals.

It is not clear that an omnibus action of this character can be
maintained at all, although we do not pass upon the point. The
complaint prays for separate judgments for different sums against
each of the defendants. Where there is a joinder of causes of ac-
tion, the general rule is that it must appear on the face of the com-

plaint that they all affect all parties to the action. See section 484, Code Civ. Proc. Here several acts are alleged, all of which, taken together, do not purport to create any liability as to all of the defendants. See Arkenburgh v. Wiggins, 13 App. Div. 96, 43 N. Y. Supp. 294, affirmed without opinion in 162 N. Y. 596, 57 N. E. 1103. But this suggestion makes it all the more clear that the order to amend the complaint in the particulars stated was proper. No one of the several causes of action alleged is complete in itself. The complaint should state in each paragraph, setting out a separate cause of action, the official position of the defendants against whom a judgment is asked, and the capacity in which he acted, and all the facts necessary to make that cause of action complete on its own face. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.