(42 Misc. Rep. 617.)

BIGELOW et al., STATE BOARD OF PHARMACY, v. DRUMMOND.

(Supreme Court, Special Term, Oneida County. February, 1904.)

1. PLEADINGS—DEMURRER.
     Demurrer to an answer for insufficiency may be carried back to the complaint, as not stating a cause of action.

2. SAME—SUFFICIENCY OF COMPLAINT.
     Where a complaint consists of three counts, and allegations necessary to the maintenance of the third cause of action are found only in certain paragraphs in the first count, plaintiffs cannot incorporate these paragraphs into the third cause of action by allegations that they "repeat and reallege all the statements contained therein," under Code Civ. Proc. § 2481, subd. 2, requiring the complaint to contain a plain and concise statement of the facts constituting each cause of action.

¶ 2. See Pleading, vol. 39, Cent. Dig. § 118.

Action by Clarence O. Bigelow and others, constituting the State Board of Pharmacy, against John H. Drummond. Demurrer to answer of defendant. Overruled.

Harold D. Alexander, for plaintiffs.
William D. Morrow, for defendant.

ROGERS, J. The complaint contains three counts, the first of which is as follows:

"Plaintiffs, as the State Board of Pharmacy, complain of defendant, and allege that they constitute the State Board of Pharmacy of the state of New York, duly elected, qualified, and acting as such, and that, prior to the commencement hereof, said board has duly authorized this action to be brought in its name."

## On information and belief—first cause of action:

"(1) That at all the times hereinafter. mentioned the defendant was duly licensed as a pharmacist and druggist to retail drugs, medicines, and poisons, and compound physicians' prescriptions, in this state, and that he conducted a pharmacy, pursuant to said license, throughout said time, at the village of Theresa, in Jefferson county, New York, as proprietor.

"(2) That neither in the month of January, 1901, nor at any other time during that year, did the defendant make a statement under oath to the Board of Pharmacy, showing what licensee was in charge of the pharmacy above described, and showing what other licensees or registered apprentices were engaged or employed therein, nor either or any of those facts. In consequence of said omission defendant did not receive from the Board of Pharmacy during said year a certificate of registration, to be granted for the purpose of being conspicuously displayed in said place. All of which the defendant was commanded to do by section 196, c. 667, p. 1479, Laws 1900, amending article 11, c. 661, p. 1552, Laws 1893.

"(3) That, by reason of the premises, defendant has forfeited to the State Board of Pharmacy the sum of twenty-five dollars, by virtue of the provisions of the above-named act, heretofore mentioned, and also of subdivisions 3 and 4 of section 201 thereof. And the defendant, by reason of his said acts and said provisions of law, became liable to plaintiff in said sum, no part of which has been paid."

The following is a copy of the third count:

"(1) Plaintiffs repeat and reallege all the statements in paragraphs 1 and 3 of the first cause of action, but as relating to the omissions of the defendant hereinafter mentioned.

"(2) That during the month of January, 1903, the defendant did not make any statement under oath to the State Board of Pharmacy, showing what licensee was in charge of the pharmacy above described, and showing what other licensees or registered apprentices were engaged or employed therein, nor either or any of those facts. In consequence of said omission, defendant has not obtained from the State Board of Pharmacy, and has not during said year conspicuously displayed in said place, a certificate of registration. And that defendant did not make such statement until about June of said year. All of which defendant was commanded to do in January by section 196, c. 667, p. 1479, Laws 1900, amending article 11, c. 661, p. 1552, Laws 1893."

The answer to which the demurrer is interposed is as follows:

"(3) For a second and further defense to the third cause of action set forth in said complaint, defendant alleges the due payment of $2, and his request for registration of said alleged State Board of Pharmacy, during the year commencing January 1, 1903, but that such sum was never returned to him, nor any certificate issued to defendant by the said alleged State Board of Pharmacy for that year."

The demurrer is:

"Plaintiff demurs to defendant's second defense to the third cause of action set forth in the complaint, which constitutes paragraph numbered 3 of defendant's amended answer, on the ground that it is insufficient in law upon the face thereof."

The view I have taken of the question presented renders a consideration of the sufficiency of the answer unnecessary. The general rule is that a plaintiff who demurs to an answer, and a defendant who demurs to a reply, challenges scrutiny of his own earlier pleading. In other words, a demurrer, whenever and by whomsoever interposed, reaches back through the whole record, and seizes hold of the first pleading in the antecedent line which is defective in substance. United States v. Gurney, 4 Cranch, 333, 2 L. Ed. 638; City of Aurora v. West, 7 Wall. 82, 19 L. Ed. 42; People v. Booth, 32 N. Y. 397; Clark v. Poor, 73 Hun, 143, 25 N. Y. Supp. 908; Village of Little Falls v. Cobb, 80 Hun, 20, 20 N. Y. Supp. 855; Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816.

In the case last cited (pages 436, 437, 154 N. Y., page 817, 48 N. E.), Judge Vann, writing for the court, says:

"The rule is that on demurrer to an answer for insufficiency the defendant may attack the complaint on the ground that it does not state facts sufficient to constitute a cause of action. * * * A demurrer searches the record for the first fault in pleading, and reaches back to condemn the first pleading that is defective in substance, because he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it. * * * 'As a bad answer is good enough for a bad complaint,' it is necessary * * * to see whether the allegations of the complaint are sufficient to constitute a cause of action."

By reference to the complaint, it will be seen that the third count or cause of action charges only that the defendant during the month of January, 1903, did not make the required statement to the State Board of Pharmacy, receive the proper certificate, nor conspicuously display the same in "said place," and did not make such statement until June of said year, as required by the statute to which reference is made. It is not alleged that the plaintiffs are the State Board of Pharmacy, that they are authorized to cause this action to be brought, nor that the defendant is a licensed pharmacist and druggist, authorized to retail drugs, etc., or that he conducted a pharmacy pursuant to the license. Without these allegations, clearly, no cause of action is stated. The pleader, however, sought to incorporate them. The plaintiffs "repeat and reallege all the statements contained in paragraphs 1 and 3 of the first cause of action, but as relating to the omissions of the defendant hereinafter mentioned." In other words, to include certain and exclude other portions of the first count of the complaint. In my judgment, this method of pleading cannot be sanctioned. The Code provides that a "pleading or other proceeding in a court, or before an officer, must be in the English language, and unless it is oral, made out on paper or parchment, in a fair, legible character, in words at length and not abbreviated" (Code Civ. Proc. § 22), and that the complaint must contain "a plain and concise statement of the facts constituting each cause of action without unnecessary repetition." Code Civ. Proc. § 481,

subd. 2. "The complaint should state in each paragraph setting out a separate cause of action the official position of the defendant against whom a judgment is asked, and the capacity in which he acted, and all the facts necessary to make that cause of action complete on its own face." Wallace v. Jones, 68 App. Div. 191, 74 N. Y. Supp. 116. The method "of referring to parts of the complaint as 'at' or 'between' certain folios, however convenient and easy in the first instance, serves no useful purpose upon appeal, nor does it conform to the spirit of the Code, which requires pleadings to be made out 'in words at length and not abbreviated.'" Caulkins v. Bolton, 98 N. Y. 511. "The allegations in the second count are clearly insufficient, without incorporating therein the allegations of the first count referred to as 'the allegation down to folio six, &c.' It is well settled that this method of pleading is improper, and is ineffectual to make the allegations referred to a part of the second count." Per Williams, J., Rogers against Wendler, Jefferson Special Term, June, 1898, MS. opinion.

It follows from the authorities cited (1) that the demurrer to the answer for insufficiency lays the complaint open to judicial scrutiny; (2) that the complaint to which the answer is interposed is in itself bad; and (3) that judgment must go against the plaintiffs, they having committed the first error. The demurrer is overruled, with costs.

Demurrer overruled, with costs.