(98 App. Div. 499)

BIGELOW et al., State Board of Pharmacy, v. DRUMMOND.

(Supreme Court, Appellate Division, Fourth Department. November 30, 1904.)

1. PLEADING—FORMAL PARTS—CAPACITY OF PLAINTIFF—REAVERMENT.

In an action by the State Board of Pharmacy to recover penalties for violations of Laws 1900, p. 1479, c. 667, § 196, requiring a druggist to make a statement as to his registered apprentices, etc., where the complaint contained three counts, each for the same violation of law, but relating to different years, it was not necessary to repeat in the second and third counts the allegations of the first, setting forth plaintiffs' constitution as the State Board of Pharmacy, and their authority to bring the action.

2. SAME—SEPARATE COUNTS—REFERENCE TO PRECEDING COUNTS.

In an action by the State Board of Pharmacy to recover penalties for violations of Laws 1900, p. 1479, c. 667, § 196, requiring a druggist to make a statement as to his registered apprentices, etc., a complaint containing three counts, each for the same violation of law, but relating to different years, was not demurrable, in referring in the second and third counts to distinct paragraphs of the first count by number, instead of realleging the averments of such paragraphs at length.

3. DRUGGISTS—REPORT TO BOARD OF PHARMACY—ESSENTIALS.

Under Laws 1900, p. 1479, c. 667, § 196, requiring a druggist to make a statement to the State Board of Pharmacy showing what licensee is in charge of his store, and who his registered apprentices are, and to display his certificate, given in return for a prescribed fee accompanying the statement, in a conspicuous place in his store, the payment of a fee is no defense to a proceeding to recover the penalty prescribed by the act, when not accompanied by the required statement.

McLennan, P. J., dissenting.

Appeal from Special Term, Jefferson County.

Action by Clarence O. Bigelow and others, as and constituting the State Board of Pharmacy, against John H. Drummond. From an interlocutory judgment, overruling a demurrer to defendant's second defense to the third cause of action (87 N. Y. Supp. 581), plaintiffs appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Harold D. Alexander, for appellants.
William D. Morrow, for respondent.

SPRING, J.   The action is commenced by the State Board of Pharmacy to recover three penalties, of $25 each, for alleged violations of section 196, c. 667, p. 1479, Laws 1900, amending article 11, c. 661, p. 1551, Laws. 1893.   The complaint contains an introductory statement showing plaintiffs' authority to maintain the action, and alleges that the plaintiffs constitute the State Board of Pharmacy, and have been duly authorized by said board to bring this action.   It then contains three causes of action, setting forth in numbered paragraphs the essential facts, and which are necessary to the maintenance of the other two causes of action, for the violations charged are the same in all three, except that they relate to different years.   The facts common to each cause of action are not realleged specifically in the second and third causes of action, but only by reference to the paragraphs containing these averments.

The demurrer to the answer was overruled on the ground that the complaint is defective in substance.   We cannot concur in this view.   The preliminary allegations setting forth the capacity of the plaintiff to sue should not be repeated in each cause of action. It is an introductory statement showing the plaintiff's legal capacity to maintain the action.   The complaint then proceeds to set forth the causes of action in favor of this plaintiff and against the defendant.   The introductory statement is a matter of inducement, and common to each cause of action, and its connection therewith is apparent from the position it occupies in the pleading.   In effect, the complaint, in the way of premise, alleges that the plaintiff, whose official status is then described, and is also contained in the title of the action, has the causes of action subsequently recited against the defendant.   This is a "clear, precise, and unequivocal" method of pleading, and is not cumbersome or tautological.   The defendant, upon reading the complaint, would not have any doubt as to the character of the plaintiff, or that it claims to recover three penalties from him.   In an action by one corporation against another, the careful pleader sets out in the complaint, in the form of distinct preliminary averments, the incorporation of the parties, and then proceeds with the claims of the plaintiff. The antecedent allegations once for all settle the status of the parties, so far as that pleading is concerned.   The rule is thus stated in Pomeroy on Code Remedies (3d Ed.) § 716:

"But in the case of answers containing several defenses, as well as of complaints containing several causes of action, certain allegations may be introductory, not forming a portion of either count in particular, but belonging alike to all; so that they should be once made at the commencement of the pleading, before any one of the separate defenses is stated."

See, also, Abbott's Brief on Pleadings, vol. 1, p. 36; Ronnie v. Ryder (Sup.) 8 N. Y. Supp. 5.

The case of Wallace v. Jones, 68 App. Div. 191, 74 N. Y. Supp. 116, is cited in hostility to this position.   That was an action by a taxpayer against three supervisors and the treasurer of the county of Nassau.   The complaint contained six preliminary paragraphs describing the official status of the several defendants.   Five

causes of action followed the separate paragraphs, not reciting the introductory statements, but saying at the commencement of each of these paragraphs, "Making the first six sections herein a part hereof." Each cause of action was against a separate defendant, nor was any one against all the defendants, and there was no joint liability, and judgment was asked for a different sum against each defendant. An order was granted at Special Term, on motion of the defendants, requiring the complaint to be amended so that each paragraph would show on its face the particular audits by the different supervisors complained of, and also specifically the illegality charged against the treasurer. The order was affirmed. It is obvious that the six introductory statements, each showing the official character of one of the defendants, were not applicable to each defendant. As the misconduct charged and the relief sought were not common to all, the embodiment of all these preliminary statements in each cause of action was improper, and obviously not a truthful statement. Again, the question did not arise on demurrer, but on a motion to make more definite and certain and to strike out, in which the proceedings are not similar or governed by the rules of practice applicable to a demurrer.

Nor do we think the complaint was demurrable for realleging in the second and third causes of action distinct paragraphs by number of the first count of the complaint. The authorities cited in condemnation of referring in a pleading to the antecedent allegations are where the repetition is made by reference to folios, which creates confusion, and upon a review may be unintelligible, as the pleading folioing may not be followed in the printed record. If the reference is to a distinctly numbered paragraph, no misapprehension or embarrassment will occur.

The answer, in its third paragraph, sets out what purports to be a defense to the third cause of action. This cause of action charges that the defendant did not make to the State Board of Pharmacy in the month of January, 1903, the statements required by section 196, c. 667, p. 1479, of the Laws of 1900. The defendant, a proprietor of a drug store, is required to make a statement under oath in each January to this board "showing what licensee is in charge of the same," who were his "registered apprentices," and shall pay a fee of $2 to the board of pharmacy, whereupon he receives from the board a certificate of registration, which at all times must be "conspicuously displayed" in the place of business of the pharmacist. The Legislature therefore has committed to the board the supervision and regulation of this business, and the omission to make the statement and display the certificate renders the defendant amenable to the payment of the penalty prescribed by the act.

The second defense referred to avers the due payment of the $2, but does not allege the making of the required statement, which is the essential part of the procedure justifying the issuance of the certificate. The object of the statute is to safeguard the public, and, by the "certificate conspicuously displayed," to advise those who patronize the defendant that the qualifications of the

persons employed by him have received the sanction of the State Board of Pharmacy.

The interlocutory judgment should be reversed, with costs of this appeal, and the demurrer sustained, with costs, and upon payment of which the defendant to have leave to plead over. So ordered. All concur, except McLENNAN, P. J., who dissents in an opinion.

McLENNAN, P. J. (dissenting). The complaint, so far as is important to note, is as follows:

#### "Complaint.

"Plaintiffs, as the State Board of Pharmacy, complain of defendant, and allege that they constitute the State Board of Pharmacy of the state of New York, duly elected, qualified, and acting as such, and that prior to the commencement hereof said board has duly authorized this action to be brought in its name.

"On information and belief:

"First Cause of Action. (1) That at all the times hereinafter mentioned the defendant was duly licensed as a pharmacist and druggist to retail drugs, medicines, and poisons, and compound physicians' prescriptions, in this state, and that he conducted a pharmacy pursuant to said license throughout said time at the village of Theresa, in Jefferson county, New York, as proprietor.

"(2) That neither in the month of January, 1901, nor at any other time during that year, did the defendant make a statement, under oath, to the Board of Pharmacy, showing what licensee was in charge of the pharmacy above described, and showing what other licensees or registered apprentices were engaged or employed therein, nor either or any of those facts. In consequence of said omission, defendant did not receive from the Board of Pharmacy during said year a certificate of registration to be granted for the purpose of being conspicuously displayed in said place. All of which the defendant was commanded to do by section 196 of chapter 677, p. 1479, Laws 1900, amending article 11, c. 661, p. 1551, Laws 1893.

"(3) That, by reason of the premises, defendant has forfeited to the State Board of Pharmacy the sum of twenty-five dollars," etc.

"Second Cause of Action. [The same as the first cause of action, except relating to the year 1902.]

"Third Cause of Action. (1) Plaintiffs repeat and reallege all the statements contained in paragraphs 1 and 2 of the first cause of action, but as relating to the omissions of defendant hereinafter mentioned:

"(2) That during the month of January, 1903, the defendant did not make any statement under oath to the State Board of Pharmacy, showing what licensee was in charge of the pharmacy above described, and showing what other licensees or registered apprentices were engaged or employed therein, nor either or any of those facts. In consequence of said omission, defendant has not obtained from the State Board of Pharmacy, and has not during said year conspicuously displayed in said place, a certificate of registration. And that defendant did not make such statement until about June of said year. All of which defendant was commanded to do in January by section 196, c. 667, p. 1479, Laws 1900, amending article 11, c. 661, p. 1551, Laws 1893.

"Wherefore plaintiffs, as the State Board of Pharmacy, demand judgment against the defendant for the sum of seventy-five dollars, with interest," etc.

The defendant, in his answer, as a second defense, alleged:

"(3) For a second and further defense to the third cause of action set forth in said complaint, defendant alleges the due payment of two dollars and his request for registration of said alleged State Board of Pharmacy during the year commencing January 1, 1903, but that such sum was never returned to him nor any certificate issued to defendant by the said alleged State Board of Pharmacy for that year."

The plaintiff demurred to such alleged defense on the ground "that it is insufficient, in law, upon the face thereof."

It seems to me that the demurrer in this case was properly overruled. The answer demurred to related only to the alleged third cause of action set forth in the complaint. It is well settled that, if the facts stated did not constitute a cause of action, a demurrer by the plaintiff would not lie to an answer to it, no matter how defective such answer might be. The rule is stated in Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816:

"A demurrer searches the record for the first fault in pleading, and reaches back to condemn the first pleading that is defective in substance, because he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept. * * * As a bad answer is good enough for a bad complaint, it is necessary * * * to see whether the allegations of the complaint are sufficient to constitute a cause of action."

Under this rule it is necessary to determine whether or not the alleged third cause of action set forth in the complaint states facts sufficient to constitute a cause of action against the defendant. It may be conceded that, by the reference in the alleged third cause of action to paragraphs 1 and 3 in the alleged first cause of action in the complaint, they were properly added to, and made a part of, the allegations respecting said third cause of action; but we think that, with those two paragraphs added in full, no cause of action was stated. There would then be no allegation that the persons named as plaintiffs in the complaint constituted the State Board of Pharmacy, that they were duly elected, had qualified, and were acting as such; nor would there be any allegation to the effect that the commencement of this action by the State Board of Pharmacy was duly authorized by said board. It seems to me that this was an essential requisite in order to entitle the plaintiff to the relief demanded. In Wallace v. Jones, 68 App. Div. 192, 74 N. Y. Supp. 117, the court said:

"The complaint should state in each paragraph setting out a separate cause of action the official position of the defendant against whom a judgment is asked, and the capacity in which he acted, and all the facts necessary to make that cause of action complete on its own face."

We think the rule thus stated is equally applicable to the plaintiff, and that it is necessary that the complaint in each paragraph setting up a separate cause of action should state the official position of the plaintiff who asks judgment, and the capacity in which he acted, and all the facts necessary to make that cause of action complete on its own face. In the case at bar, if the meaning of the complaint be interpreted in accordance with the contention of the plaintiff, we should read the first and third paragraphs in the first alleged cause of action set forth in the complaint, and then paragraph 2 in the third alleged cause of action. Reading those three together, and giving full significance to all the allegations therein contained, we think the complaint fails to state a cause of action, because, as above suggested, it fails to state that the plaintiffs constitute the State Board of Pharmacy; that they were duly elected, qualified, and were acting as such; or that they were authorized

by action of the board to bring the action for and on its behalf. These allegations are made in the introductory part of the complaint, but, when the pleader attempts to set up the third cause of action, they are in no manner referred to, and he does not seek to incorporate them into the allegations respecting his alleged third cause of action.

For these reasons, I conclude that the interlocutory judgment overruling plaintiffs' demurrer should be affirmed, with costs.