(163 App. Div. 234)

## DALY v. HAIGHT et al.

(Supreme Court, Appellate Division, Second Department.   June 12, 1914.)

1. PLEADING (§ 54*)—COMPLAINT—SEPARATE CAUSES OF ACTION.

Under General Municipal Law (Consol. Laws 1909, c. 24) § 51, and Code Civ. Proc. § 1925, authorizing taxpayers to maintain actions against the officers of any town, etc., to prevent waste or injury to or to restore and make good the funds or property of such town, etc., a complaint, alleging the official position of the various defendants, and that plaintiff was the owner of property within the town whose assessment for purposes of taxation exceeded $1,000, and that he was liable to pay taxes thereon, followed by paragraphs designated as the first, second, and third causes of action, respectively, was insufficient, where in the paragraphs so designated the allegations as to defendants' official positions and plaintiff's capacity to sue were not repeated or incorporated by reference, since, while under Code Civ. Proc. § 484, separate and consistent causes of action may be united, section 483 requires the statement of the facts constituting each cause of action to be separate and numbered, and each cause of action must, by specific allegation or by proper reference to and incorporation therein of other allegations, be complete in itself.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 118; Dec. Dig. § 54.*]

2. APPEAL AND ERROR (§ 232*)—REVIEW—MATTERS NOT RAISED BELOW.

Where a defendant did not demur to the complaint as a whole or to the separate causes of action for insufficiency, but only for misjoinder of causes and defect of parties, the insufficiency of the complaint as against him could not be considered on appeal, though other defendants demurred for insufficiency.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1426, 1430, 1431; Dec. Dig. § 232.*]

3. APPEAL AND ERROR (§ 889*)—DEFECT OF PARTIES—AMENDMENT REGARDED AS MADE.

In a taxpayer's action against the supervisor and members of the board of town auditors of a town, alleging as a cause of action the auditing and payment of illegal claims, where the payments were alleged to have been made to the supervisor personally, and, though he was described in the summons and complaint only in his official capacity, he appeared and demurred individually and as supervisor, plaintiff acquiesced in such appearance, the order overruling the demurrer so described him, and he appealed in both capacities, the summons and complaint might be deemed amended accordingly, and there was no defect of parties defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3621, 3622; Dec. Dig. § 889.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. ACTION (§ 50*)—MISJOINDER OF CAUSES OF ACTION—TAXPAYER'S ACTION—
   AUDIT OF ILLEGAL CLAIMS.
   In a taxpayer's action against the supervisor of a town and members
   of the board of town auditors, alleging as a cause of action the auditing
   and payment of illegal claims, there was, as against the supervisor, no
   misjoinder of causes of action alleging illegal payments to him personal-
   ly, and illegal payments to other persons, notwithstanding Code Civ.
   Proc. § 484, providing that causes of action united in the same complaint
   must, except as otherwise prescribed by law, affect all the parties to the
   action.
   [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec.
   Dig. § 50.*]

5. TOWNS (§ 61*)—TAXPAYER'S ACTIONS—NECESSARY PARTIES.
   In a taxpayer's action against the supervisor of a town and the mem-
   bers of the board of town auditors, alleging as causes of action the audit-
   ing and payment of illegal claims, the persons to whom such illegal pay-
   ments were alleged to have been made were necessary parties, since, if
   plaintiff was successful, they would either be deprived of the benefit of
   the audit of their claims or the judgment would be fruitless.
   [Ed. Note.—For other cases, see Towns, Cent. Dig. § 104; Dec. Dig. §
   61.*]

Appeal from Special Term, Westchester County.

Action by Michael Daly against Joseph Haight, individually and as
supervisor of the town of Rye, and others. From orders overruling
demurrers to the complaint, defendants appeal. Modified in part and
reversed in part.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON,
and PUTNAM, JJ.

Henry C. Henderson, of New York City, for appellants.

W. C. Prime, of New York City (Ralph Earl Prime, Jr., of Yon-
kers, on the brief), for respondent.

BURR, J. This action is brought under the Taxpayers' Acts (Gen-
eral Municipal Law, Consolidated Laws, c. 24 [Laws of 1909, c. 29] §
51; Code of Civil Procedure, § 1925) against Joseph Haight, as super-
visor of the town of Rye, Clement Archer, Peter H. Spader, and James
D. Halstead, as the board of town auditors of said town. Defendant
Haight demurred upon the ground that there was a defect of parties
defendant, in that certain persons named in said complaint, in the por-
tions thereof designated as second and third causes of action, respective-
ly, and who were alleged to be persons to whom, after audit by the
town auditors, claims illegal in character were paid by said supervisor,
are not parties defendant to said action, and upon the further ground
that causes of action have been improperly united. Defendants Archer
and Halstead demur upon the same ground, and upon the further
ground that the complaint does not state facts sufficient to constitute
a cause of action against them. Each of said demurrers, separately
taken, was overruled, and separate orders entered herein. Each of
said defendants separately appeals.

[1] The complaint opens with four paragraphs, designated from 1
to 4, inclusive. This portion of the complaint contains allegations show-
ing the official position of the various defendants, and that plaintiff is

the owner of property within said town, whose assessment for purposes of taxation exceeds in amount the sum of $1,000, and that he is liable to pay taxes thereon. Then follow eight paragraphs, numbered 5 to 12, inclusive, specifically designated as a first cause of action, 8 paragraphs numbered 13 to 20, inclusive, specifically designated as a second cause of action, and 11 paragraphs numbered 21 to 31, inclusive, specifically designated as a third cause of action. In neither of the portions of the complaint thus designated are there any allegations bringing plaintiff within the provisions of the Taxpayers' Acts, nor any specific allegations as to defendants' official positions. An action of this character may be maintained only by a taxpayer fulfilling the conditions specified in said act. Rogers v. Board of Supervisors, 77 App. Div. 501, 78 N. Y. Supp. 1081; Queens County Water Co. v. Monroe, 83 App. Div. 105, 82 N. Y. Supp. 610; Osterhoudt v. Rigney, 98 N. Y. 222, 230, 231; Wenk v. City of New York, 171 N. Y. 607, 64 N. E. 509. While plaintiff may unite in his complaint separate and consistent causes of action (Code of Civil Procedure, § 484), the statement of the facts constituting each cause of action must be separate and numbered (Id. § 483), and each cause of action must, by specific allegation or by proper reference to and incorporation therein of other allegations of the complaint, be complete in itself. Wallace v. Jones, 68 App. Div. 191, 74 N. Y. Supp. 116. The demurrers of defendants Archer and Halstead for insufficiency are therefore well taken.

[2-5] As defendant Haight did not demur to the complaint as a whole, or to the separate causes of action therein stated upon this ground, as to him we are limited to a consideration of the questions of misjoinder of the causes of action and defect of parties. As to the first cause of action in said complaint contained, for the reasons stated in Daly v. Haight (No. 3), 148 N. Y. Supp. 46, decided herewith, if the question was before us we should be constrained to hold it insufficient. Eliminating the objection of insufficiency, we are of the opinion that there is no misjoinder of causes of action, nor any defect of parties defendant so far as that cause of action is concerned. The payments therein alleged to have been illegally made were to Haight personally. Although he is only described in the summons and complaint in his official capacity, he has appeared and demurred, both individually and as supervisor, and plaintiff has acquiesced in such appearance. The order entered thus describes him, and he appeals in both capacities. The summons and complaint may therefore be deemed amended accordingly, and in this cause of action there is no defect of parties defendant. Neither do we think that there is a misjoinder of causes of action because this is united with the causes of action designated second and third, respectively. While, as a general rule, causes of action which are united must, "except as otherwise prescribed by law, affect all the parties to the action" (Code of Civil Procedure, § 484), so far as the defendant Haight is concerned the act complained of, which is stated to be illegal, is the payment by him, as supervisor, of various sums without due warrant of law. In the first cause of action these moneys were paid to him personally. In the second and third causes of action it is alleged that these sums were paid to various other per-

sons named therein. This precise question seems to have been consid-
ered by the Court of Appeals, and decided adversely to this contention
of the appellant. Wallace v. Jones, 182 N. Y. 37, 74 N. E. 576. We
think, however, that the demurrer of said defendant to the second and
third causes of action, respectively, is well taken upon the ground that
there is a defect of parties defendant. The second cause of action al-
leges, or attempts to allege, illegal payments by him to William A.
Davidson, Moses Miller, Solomon M. Ireland, Adolph Hoerr, and
Malcolm Merritt. The third cause of action alleges, or attempts to al-
lege, similar payments to George A. Slater, Frederick W. Sherman,
and Arthur R. Wilcox. Neither of the persons named is a party de-
fendant to this action. We think that they were both proper and neces-
sary parties thereto. Osterhoudt v. Bd. of Sup'rs, 98 N. Y. 239. In
that case the taxpayer sought to vacate certain audits of town accounts
made by the board of town auditors in favor of a large number of in-
dividuals. Although no demurrer was interposed on the ground of de-
fect of parties, the Court of Appeals reversed a judgment in plaintiff's
favor, without passing upon the merits of the controversy, upon the
ground that there was a defect of parties fatal to the judgment, which,
under section 452 of the Code of Civil Procedure, a court in equity
was obliged to take notice of. It said in that case:

"It seems very plain that the persons in whose favor the audits were made
were necessary parties. The judgment vacates the audits, and restrains their
collection in the usual course. They are necessarily prejudiced. * * *
They are deprived of the benefit of the adjudication of the board of audit,
and if they should undertake to compel the board of supervisors to levy a tax
for the payment of the claims, they would be met by the judgment in this
case, vacating the audits and restraining the collection."

In the case at bar it is true that the moneys have been paid, but, if
plaintiff should succeed in this action in having the audits set aside,
and proceedings should then be taken to recover the sums paid, as mon-
eys of the town improperly paid, one of two things must follow: Ei-
ther these various parties would be deprived of the benefit of the audit
of their claims by the town auditors in their favor, or this judgment
would be of no effect whatever so far as recovering the moneys from
them is concerned. The court will not do a fruitless thing.

The order overruling the demurrer of the defendant Haight is mod-
ified so as to sustain such demurrer to the second and third causes of
action set up in the complaint, and, as thus modified, is affirmed, with-
out costs, with leave to said defendant to apply to the Special Term of
this court for permission to withdraw his demurrer and for leave to
answer upon such terms as may be just.

The orders overruling the demurrers of the defendants Archer and
Halstead are each of them reversed, with $10 costs and disbursements
to each of said appellants, and each of said demurrers is sustained,
with costs. All concur.