(163 App. Div. 239)

### DALY v. HAIGHT et al.

(Supreme Court, Appellate Division, Second Department. June 12, 1914.)

1. Towns (§ 61*)—Taxpayers' Actions—Sufficiency of Complaint.

A complaint in a taxpayer's action, alleging that the town board illegally audited and the supervisor illegally paid to the town clerk a specified sum in excess of his lawful per diem compensation for services as town clerk, but not alleging how this excess arose, why the payment was unlawful, whether the town clerk charged for more days than he actually attended, or an excessive price per day, and not even alleging the number of days for which he charged, or was entitled to charge, the gross sum paid him or the sum legally due, was insufficient.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 104; Dec. Dig. § 61.*]

2. Towns (§ 61*)—Taxpayers' Actions—Sufficiency of Complaint.

A complaint in a taxpayer's action, alleging that the supervisor of a town illegally paid the town clerk for alleged services at meetings of the town board, the health board, the joint boards, the board of canvassers, the poor committee, and the board of auditors, but not alleging that such meetings were not held, that the town clerk did not attend them, that he did not render any services, or that he was not entitled to charge therefor, was insufficient.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 104; Dec. Dig. § 61.*]

Appeal from Special Term, Westchester County.

Action by Michael Daly against Joseph Haight, individually and as supervisor of the town of Rye, and others. From orders overruling demurrers to the complaint, defendants appeal. Reversed, and demurrers sustained.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Henry C. Henderson, of New York City, for appellants.

W. C. Prime, of New York City (Ralph Earl Prime, Jr., of Yonkers, on the brief), for respondent.

BURR, J. This action is also a taxpayer's action, brought against Joseph Haight as supervisor of the town of Rye, and Clement Archer, Peter H. Spader, and James D. Halstead, composing the board of town auditors. With them is also joined as a party defendant Charles W. Stevens, the town clerk. Haight, Archer, and Halstead, by separate demurrers, attack the sufficiency of the complaint. From separate orders overruling these demurrers each separately appeals.

[1, 2] Although the complaint charges illegality or fraudulent conduct on the part of the town board who audited the claims of Stevens, the town clerk, and the supervisor who paid them, and of Stevens, the town clerk who received such moneys, not a single fact is stated therein showing in what respect such claims were illegal, or wherein consists the fraud. In paragraph 5 of the complaint plaintiff alleges that in 1910 Haight, the supervisor, paid to Stevens, the town clerk, $93.50 "in excess of the lawful per diem compensation for said Stevens for services to said town as town clerk aforesaid." No fact is stated show-

ing how this excess arose, or why the payment of the sum that was paid was unlawful. Was it because the town clerk charged for a greater number of days than he actually attended, or because he charged an excessive price per day? There is no statement as to the number of days for which he made charges, or as to the number of days for which he was entitled to charge. There is not even a statement of the gross sum which was paid him, nor any statement as to the sum legally due. In this respect the complaint essentially differs from the complaint approved by this court in Hicks v. Eggleston, 105 App. Div. 73, 93 N. Y. Supp. 909, relied on by respondent. See cases on appeal, Liber 506, Law Library 1905. Following this allegation in the same paragraph are allegations that the supervisor paid the town clerk certain sums for alleged services at meetings of the town board, for alleged services at meetings of the health board, for alleged services at meetings of the joint boards, for alleged services at meetings of the board of canvassers, for alleged services attending meetings of the poor committee, and for alleged services at meetings of the board of auditors of the town. Why were not these proper charges? Were not the meetings of these various boards held, or did not the town clerk attend these meetings? Did he render no services, or, if he rendered such services, was he not entitled to charge for the same? There is no allegation respecting either of these matters, and respondent does not, even in his brief, enlighten us as to the ground upon which these charges are claimed to be illegal.

The same criticism applies to the payments stated to have been made by the supervisor to the town clerk in 1911 and 1912. Unless we are prepared to say that in a taxpayer's action a complaint is good which says, in effect, "During the year 1910 the defendant supervisor unlawfully paid the defendant town clerk $259.50, and the defendants, the town auditors, unlawfully audited such claim," without stating a single fact from which the illegality or the fraudulent character of the claim resulting in such payments can be determined, then this complaint is hopelessly bad. Hearst v. McClellan, 102 App. Div. 336, 92 N. Y. Supp. 484, is conclusive against the sufficiency of such a pleading. See, also, Osterhoudt v. Rigney, 98 N. Y. 222, 232; Ellis v. Keeler, 126 App. Div. 343, 110 N. Y. Supp. 542; Dunning v. County of Orange, 139 App. Div. 249, 124 N. Y. Supp. 107, affirmed on opinion below, Same v. Elmore & Hamilton Contracting Co., 204 N. Y. 647, 97 N. E. 1104.

The orders appealed from must be reversed, with $10 costs and disbursements to each of the demurring appellants, and the demurrers sustained, with costs, but with leave to the plaintiff to apply to the Special Term of this court for permission to amend his complaint upon such terms as may be just. All concur.