Mario Pittoni, J.
The plaintiffs move for an order, pursuant to rule 109 of the Eules of Civil Practice, striking from the answer of the defendant Eose the affirmative defenses on the ground that on the face those defenses are insufficient in law.
The defendant Eose contests the motion to strike his defenses; and in turn calls for a dismissal of the complaint, also pursuant to rule 109.
The complaint alleges, among other things:
The plaintiffs are the children of Abraham Heller, now deceased; and the defendants are the children of Sadye C. Heller, also deceased. On March 9, 1950 Abraham Heller and Sadye Heller, husband and wife, signed a contract to buy property on Chester Street, Long Beach, New York. In it Abraham Heller agreed to make the down payment and assume the mortgage, but the property was to be held in the name of Sadye Heller. Both parties would have joint use and occupancy during their joint lives. When either died the sole right of use and occupancy vested in the survivor for life. If Sadye Heller predeceased Abraham Heller, legal title vested in Abraham Heller. When the survivor died the property was to go to their children, the plaintiffs and defendants herein, in equal shares as tenants in common. The contract also said that the survivor could sell or convey the property for good consideration during the lifetime of the survivor.
The complaint continues: Abraham Heller died first, Sadye Heller survived, and now she too is dead. Paragraph 11 alleges: ‘ ‘ That the said Sadye C. Heller did not perform the conditions of the aforesaid agreement with the said Abraham Heller on her part to be performed.” Paragraph 12 states in part: “ that the said Sadye Heller died intestate ”. Paragraph 13 says in part: 1 ‘ That on * * * 24th day of August, 1956 * * # Sadye Heller caused the real property * * * to be conveyed to the said Sadye C. Heller and the defendant Daniel Lawrence Eose as joint tenants.” Paragraph 15 says that before her death Sadye Heller ‘‘ similarly caused ’ ’ her personal property to be “ diverted and siphoned off without adequate consideration, for the benefit of the defendants ”. Paragraph 16 says that the acts of “ Sadye C. Heller in participation with the defendants ” are in derogation of her agreement with Abraham Heller.
The complaint goes on to allege that the defendant Eose should be declared a constructive trustee of all the property for the benefit of the parties.
*1058 I.
The weakness of some of the allegations in the complaint sorely tempted the court to dismiss the complaint. However, certain other paragraphs can be used to salvage the weak ones. For example, paragraph 13 does not say that the transfer from Sadye Heller to the defendant Bose was without consideration. She did have the right under the contract to convey during her life for consideration. However, the allegations of paragraph 15 that she “ similarly caused” her personal property to be “diverted and siphoned off without adequate consideration” can be used to fill that void.
Another example is paragraph 11; it merely says that Sadye Heller did not perform her part of the agreement. However, the allegations of paragraphs 12,13 and 15 complete the picture.
Other objections to the complaint can be answered by the reminder that this action is primarily to impress a “ constructive ” trust.
By a liberal interpretation, this complaint spells out a cause of action. That being the case, no useful purpose would be served by dismissing the complaint and allowing the plaintiff to amend it pursuant to rule 109.
The defendants’ motion to dismiss the complaint is denied.
n.
We now examine the defendant Bose’s first affirmative defense. He says that on September 20, 1952 Abraham Heller, “in writing, and for a proper consideration, voided” the March 9,1950 agreement. That writing also gave Sadye Heller permission to sell the Chester Street house. That defense is good on its face, and also under subdivision 2 of section 33 of the Personal Property Law.
The second affirmative defense is also good on its face. It alleges that by paragraph 6 of the March 9, 1950 contract, Sadye Heller, the survivor, had the right to sell or convey the property for good consideration during her lifetime, and that she had conveyed during her lifetime to herself and to defendant Bose, “ for good consideration ”. Furthermore, Abraham Heller’s September 20, 1952 writing gave Sadye Heller permission to sell or dispose of the property without restraint.
The third affirmative defense, however, is found wanting. The defendant Bose says that the instrument executed between Abraham and Sadye Heller on March 9, 1950 is in effect an informal will and that it is.a restraint on alienation of property and contrary to the rules of perpetuity. Since it is an attempted will, says the defendant Bose, it is invalid under the statutes *1059 of descent and distribution. A reading of the instrument, especially paragraphs (3) and (4), shows this to be a contract to make a will, a type of instrument recognized under New York law.
The argument that the instrument is an illegal restraint against alienation and contrary to the rules of perpetuity also falls. Abraham Heller and Sadye Heller could jointly convey during their joint lives; and during the life of the survivor the survivor had power to convey. Even if there were a suspension of power of alienation, it would be only during the life of the survivor — one life; there was no restraint on the property in the hands of the children. The third affirmative defense is not sufficient in law.
The fourth affirmative defense, too, is not sufficient in law. The defendant Rose says that the plaintiffs knew that the March 9, 1950 contract had been voided and that permission to sell had been given by the September 20, 1952 instrument; and that despite that knowledge they have instituted this action. This says the defendant should defeat the plaintiffs’ cause of action on the theory of unclean hands when seeking equitable relief. In answer to this the plaintiffs correctly state the obvious: “Plaintiff’s imputed ‘ knowledge ’ thereof cannot save such defenses, if they are bad, nor add anything to them, if they are good.”
The plaintiffs’ motion to strike is denied in respect to the first and second affirmative defenses of the defendant Rose; and is granted in respect to his third and fourth affirmative defenses.
Submit order.