In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from an order denying appellant’s motion to change the place of trial from Kings County to Nassau County. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Hallinan and Kleinfeld, JJ., concur; Wenzel, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: On December 5, 1956 respondents instituted an action against appellant in the Supreme Court, Nassau County. A notice of appearance was served on December 20, 1956. On February 21, 1957 respondents instituted an action in the Supreme Court, Kings County, similar to the one in Nassau County, by serving a summons and complaint upon appellant. In the complaint, respondent Rose Greenberg seeks to recover damages for personal injuries sustained as a result of the alleged negligence of appellant in the operation of an automobile in the driveway of premises in Nassau County. Her husband, respondent Charles Green-berg, seeks to recover damages for medical expenses and loss of services sustained as a result of his wife’s injuries. In his answer, appellant interposes a separate defense that a prior action was pending in Nassau County. Appellant served a notice demanding that the place of trial be changed to Nassau County on the ground that the county designated in the complaint is not the proper county. The appeal is from an order denying a motion to change the place of trial to Nassau County on the ground that none of the parties resided in Kings County when the action was commenced, and on the further ground that the interests of justice would be promoted by the change. Respondents made no claim that the respondent wife resided or resides in Kings County. The respondent husband, a physician, submitted an affidavit in which he conceded that he maintains a home in Nassau County. But he also asserted that he maintains another residence in Kings County at the same place where his office is located. He stated that he is frequently required to be in Kings County at extremely early or late hours and actually does “sleep there overnight on many occasions.” He did not state on what date he last slept there. In my opinion, the record does not establish that respondent husband had or maintained a residence in Kings County when the action was commenced, within the meaning of section 182 of the Civil Practice Act. Respondents had an initial right to institute the action in Kings County if the husband had residences in both Kings County and Nassau County (Civ. Prae. Act, § 182). But his cause of action is predicated upon his wife’s injuries and presumably he will be unsuccessful therein if she is unsuccessful in her cause of action. Respondents have given no explanation for their commencement of two separate actions, nor can they successfully bring both actions to trial. It does not appear that they offered to discontinue the action in Nassau County. Under the circumstances set forth and in view of the load under which the courts are laboring, respondents’ “jockeying” should not be tolerated. Such “jockeying” was responsible for appellant’s motion and his expense on the appeal as well as the burden on the courts to decide the motion and the appeal. The least that respondents should have done was to have offered to discontinue the Nassau County action.